**Ralph ROSANIA, Appellant,**

v.

**The STATE OF NEW JERSEY.**

No. 13694.

United States Court of Appeals Third Circuit.

Argued Jan. 23, 1962.

Decided Feb. 20, 1962.

Robert J. Jerome, Newark, N. J., for appellant.

Peter Murray, Newark, N. J. (Brendan T. Byrne, County Prosecutor of Essex County, on the brief), Attorney for Appellee, State of New Jersey, Newark, N. J.

Before KALODNER, STALEY and SMITH, Circuit Judges.

PER CURIAM.

Rosania appeals denial of his petition for a writ of habeas corpus, alleging that his murder conviction involved a violation of due process of law. He says that the same reasons we gave in ordering that a writ issue in United States ex rel. DeVita v. McCorkle, 248 F.2d 1 (C.A. 3), cert. denied, 355 U.S. 873, 78 S.Ct. 121, 2 L.Ed.2d 77 (1957), obtain and are controlling here.

A brief statement of the facts that led up to our decision in the DeVita case will help focus on what Rosania contends and what we must decide. In a joint jury trial in a New Jersey state court, Rosania, DeVita and Grillo were found guilty of committing first degree murder while perpetrating an armed robbery. DeVita and Grillo were sentenced to death, while Rosania received life imprisonment. After exhausting their state remedies, DeVita and Grillo appealed denial of a writ of habeas corpus to this court, contending that one of the jurors in the state court proceeding was disqualified for reasons that we need not recount here. On that basis, we directed that a writ issue. Thereafter, Rosania instituted the instant proceedings. He says that if the juror was disqualified as to DeVita and Grillo, the juror was also

disqualified from passing on his innocence or guilt, for admittedly Rosania raised the defense of withdrawal from the robbery and that, in any event, the trial was fundamentally unfair.

Rosania has unsuccessfully urged those same points twice before. He did it in the New Jersey Supreme Court, which in State of New Jersey v. Rosania, 33 N.J. 267, 163 A.2d 139 (1960), cert. denied, 365 U.S. 864, 81 S.Ct. 828, 5 L. Ed.2d 826 (1961), unanimously reversed grant of a new trial by the Essex County Court, and in the district court below, Application of Rosania, 194 F.Supp. 435 (D.N.J.1961). Those courts construed our decision in DeVita as holding that the juror was disqualified only as to participating in the recommendation of a sentence, and not in resolving the issue of innocence or guilt, and that such disqualification as existed did not constitute fundamental unfairness vitiating the entire proceedings.

We agree with the New Jersey Supreme Court's and the district court's interpretation of DeVita, and we think that the petition here was properly denied. In DeVita, we held that only those proceedings involving the juror's deliberation on whether or not to recommend life imprisonment were vitiated and not the entire trial. There was no holding of fundamental unfairness. That is why, of course, we there indicated that a new trial would be granted only as to sentence in the event such a procedure existed in New Jersey. As Judge Hastie pointed out in his concurring opinion in DeVita at 248 F.2d 10, the guilt of De-Vita and Grillo was conceded, and as to them the only real question before the jury was whether the minimum sentence of life imprisonment which Rosania received should be recommended. In addition, we see no basis for concluding that Rosania suffered any fundamental unfairness as was true in United States ex rel. Fletcher v. Cavell, 287 F.2d 792 (C.A.3), cert. denied, 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961).

The order of the district court will be affirmed.